IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAMION REEVES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-000571 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN PRUETT, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Damion Reeves, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his and his family members' rights by not allowing them visitation together. The court finds that Reeves' allegations fail to state a claim of constitutional magnitude and, therefore, dismisses Reeves' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Reeves alleges that his wife and mother have been placed on the visitors suspension list and thereby prohibited from visiting with Reeves. Reeves wife and mother were placed on the list after they were suspected of engaging in "prohibited conduct." Reeves alleges that they have been suspended too long and that the defendants are violating his rights by failing to remove them from the suspension list.

II.

As an initial matter, Reeves may not bring claims on behalf of his wife or mother or based on any harm the defendants' actions allegedly caused them. See Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (finding that prisoner proceeding *pro se* may not serve as a "knight errant" for others, but may only seek to enforce his own rights); Inmates v. Owens, 561 F.2d 560, 562 (4th Cir. 1977) (noting that to state civil rights claim, plaintiff must allege facts demonstrating that he himself has sustained, or will sustain, deprivation of right, privilege or

immunity secured by the constitution or federal law).  See also Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972) (a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others").  Therefore, Reeves' claims concerning his wife or mother's rights must be dismissed.

### III.

To the extent Reeves alleges that defendants' denial of visitation violates his own rights, it also fails.  It is well established that a prisoner has no constitutional right to visitation. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, therefore is not independently protected by the Due Process Clause."); White v. Keller, 438 F. Supp. 110, 115 (D. Md. 1977) ("[T]here is no constitutional right to prison visitation, either for prisoners or visitors.").  See also Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (finding no constitutional infringement where prison policies prevented some inmates from visiting with some relatives).  Accordingly, the court finds that Reeves has not alleged a constitutional claim.

### IV.

For the reasons stated, the court dismisses Reeves' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to the parties.

**ENTER**:  This 27th day of March, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE